COURT OF CHANCERY
OF THE
STATE OF DELAWARE

KATHALEEN ST. JUDE MCCORMICK
CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

December 13, 2024

Gregory V. Varallo
Daniel E. Meyer
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
500 Delaware Avenue, Suite 901
Wilmington, DE 19801

Peter B. Andrews
Craig J. Springer
David M. Sborz
Jackson E. Warren
ANDREWS & SPRINGER LLC
4001 Kennett Pike, Suite 250
Wilmington, DE 19807

David E. Ross
Garrett B. Moritz
Thomas C. Mandracchia
ROSS ARONSTAM & MORITZ LLP
1313 North Market St., Suite 1001
Wilmington, DE 19801

Catherine A. Gaul
Randall J. Teti
ASHBY & GEDDES, P.A.
500 Delaware Avenue, 8th Floor
Wilmington, DE 19801

John L. Reed
Ronald N. Brown, III
Caleb G. Johnson
Daniel P. Klusman
DLA PIPER LLP (US)
1201 N. Market Street, Suite 2100
Wilmington, DE 19801

William M. Lafferty
Susan W. Waesco
Ryan D. Stottmann
Miranda N. Gilbert
Jacob M. Perrone
MORRIS, NICHOLS,
ARSHT & TUNNELL LLP
1201 N. Market Street, 16th Floor
Wilmington, DE 19801

Rudolf Koch
John D. Hendershot
Kevin M. Gallagher
Andrew L. Milam
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

A. Thompson Bayliss
Adam K. Schulman
Eliezer Y. Feinstein
ABRAMS & BAYLISS LLP
20 Montchanin Road, Suite 200
Wilmington, DE 19807

David S. Eagle
Sally E. Veghte
KLEHR HARRISON HARVEY
BRANZBURG LLP
919 N. Market Street, Suite 1000
Wilmington, DE 19801

Anthony A. Rickey
MARGRAVE LAW LLC
3411 Silverside Road
Baynard Building, Suite 104
Wilmington, DE 19810

Christine M. Mackintosh
GRANT & EISENHOFER, P.A.
123 Justison Street
Wilmington, DE 19801

Theodore A. Kittila
HALLORAN FARKAS + KITTILA LLP
5722 Kennett Pike
Wilmington, DE 19807

Daniel A. Griffith
WHITEFORD TAYLOR & PRESTON LLC
600 North King Street
Wilmington, DE 19801

Re: *Richard J. Tornetta v. Elon Musk, et al.,*
C.A. No. 2018-0408-KSJM

Dear Counsel:

After I issued my December 2, 2024 letter opinion ("December 2 Letter Opinion") addressing stockholder submissions concerning the Ratification Argument and Fee Petition,[1] Tesla stockholders David Israel, Kurt Panouses, and ARK Investment Management LLC ("ARK," and with Israel and Panouses, the "Florida Stockholders") moved for clarification (the "Motion for Clarification").[2]  Through the Motion for Clarification, the Florida Stockholders ask the court to recognize that they were "entitled to intervene" in this action.[3]  On December 10, 2024, Tesla stockholder Amy Steffens (with the "Florida Stockholders," the "Stockholders") moved to intervene "for the limited purpose of preserving her rights" to appeal the December 2

---

[1] C.A. No. 2018-0408-KSJM, Docket ("Dkt.") 443 (December 2 Ltr. Op.).  This decision adopts the defined terms set out in the Post-Trial Opinion, Dkt. 294.

[2] *See* Dkt. 444 (Mot. for Clarification); *see also* Dkt. 380 ("Florida Stockholders' Initial Submission" re: Fee Petition); Dkt. 419 ("Florida Stockholders' Supp. Submission" re: Ratification Argument).

[3] Mot. for Clarification ¶ 5.

Letter Opinion and "any final judgment entered in this Action" (the "Motion to Intervene").[4]

The Stockholders' motions to intervene are granted for the limited purpose of allowing them to appeal my December 2 Letter Opinion denying them standing and rejecting their Rule 23.1 challenges to Plaintiff's adequacy.

To the extent the Stockholders seek to intervene for any other purpose, their motions are denied as untimely.

The Stockholders based their motions to intervene on Rule 24(a) governing mandatory intervention and Rule 24(b) governing permissive intervening. Timeliness is an express prerequisite to relief under both Rules 24(a) and Rule 24(b).[5] "There is no 'bright-line rule' for timeliness under Rule 24."[6] It is an exercise in discretion that involves a fact-specific inquiry.[7] This court has described the timeliness inquiry of Rule 24 as focusing on "two factors on a sliding scale: the inexcusableness of the delay and the prejudice to the existing parties."[8] In *Shawe v.*

---

[4] Dkt. 446 (Mot. to Intervene) at 1–2; *see also* Dkt. 354 ("Steffens' Initial Submission" re: Fee Petition); Dkt. 422 ("Steffens' Supp. Submission" re: Ratification Argument).

[5] Ct. Ch. R. 24(a) & (b) (each requiring a "timely motion"); *see also Wion v. Nat'l Recreation Prods. Inc.*, 1980 WL 268059, at *2 (Del. Ch. Dec. 5, 1980) (describing timeliness as a prerequisite to intervenetion).

[6] *In re Reinz Wisconsin Gasket, LLC*, 2023 WL 4986411, at *2 (Del. Ch. Aug. 3, 2023) (quoting *Carlyle Inv. Mgmt. L.L.C. v. Moonmouth Co. S.A.*, 2015 WL 778846, at *5 (Del. Ch. Feb. 24, 2015)).

[7] *Id.* (collecting cases).

[8] *Great Am. Leasing Corp. v. Republic Bank*, 2003 WL 22389464, at *1 (Del. Ch. Oct. 3, 2003); *see also Reinz*, 2023 WL 4986411, at *2 (applying two-factor "sliding scale" rule of *Great American*).

*Elting*, Chancellor Bouchard adopted the four-factor federal test for timeliness, which breaks these two considerations down further.[9]  The four *Shawe* factors are:

> (1) The length of time the movant knew or reasonably should have known of her interest before she petitioned to intervene; (2) prejudice to the existing parties due to failure to petition for intervention earlier; (3) . . . prejudice the movant would suffer if not allowed to intervene; and (4) the existence of unusual circumstances weighing either for or against intervention.[10]

Under the *Shawe* factors, the motions were untimely.

First, the Florida Stockholders' first submission in this action was on June 17, 2024; they never formally moved to intervene.[11]  Ms. Steffens' first submission was

---

[9] *Shawe v. Elting*, 2015 WL 5167835, at *2 (Del. Ch. Sept. 2, 2015), *aff'd* 137 A.3d 150 (Del. 2016) (TABLE).

[10] *Id.* (collecting cases).

[11] The Florida Stockholders filed an "objection" to the Fee Petition and, in that filing, dropped a footnote stating: "In the event this Court disagrees," with their standing arguments, "the Florida [Stockholders] respectfully request that the Court do so without prejudice such that they *will be free [to] seek to intervene* pursuant to, inter alia, Court of Chancery Rules 24(a) and 24(b)." Dkt. 380 at 8 n.8 (emphasis added). The phrase "*will be free to*" is future-looking; it means that, in their view, they had not done so.  The Florida Stockholders later filed their Supplemental Submission concerning the Ratification Argument, which did not mention intervention.  Dkt. 419. The Florida Stockholders were allowed to appear and be heard at both the July 8 and August 2, 2024 hearings, and did not mention intervention then either.  *See* Dkt. 407 (7/8/24 Hr'g Tr.) at 276:18–291:23; Dkt. 435 (8/2/24 Hr'g Tr.) at 147:24–157:21, 158:15–161:3, 161:11–162:7, 287:6–290:23. In their Motion for Clarification, the Florida Stockholders intimate that they had previously sought "leave to intervene," Mot. for Clarification ¶ 2, which Rule 24 does not require.  The Florida Stockholders did not seek leave in any event.  This decision nevertheless grants the Florida Stockholders' a limited right to intervene for the purpose of appealing the December 2 Letter Opinion.

on June 5, 2024; she did not move to intervene until December 10, 2024.[12] The Stockholders should have known about the litigation long before their initial filings. This well-publicized case had been pending for six years.[13] Tesla had disclosed the existence of the lawsuit in each annual proxy statement during that period.[14] And the court had issued its post-trial decision six months before. The delay was not excusable.

In search of a contrary outcome, the Stockholders argue that the bulk of their submissions spoke to the Fee Petition, which was filed in March 2024.[15] Of course, in the December 2 Letter Opinion, I held that they lacked standing to object to the Fee Petition. In this decision, I have held that the Stockholders may intervene for the purpose of appealing the December 2 Letter Opinion. But the Stockholders' submissions went beyond the Fee Petition. Their submissions concerning the Fee Petition collaterally attacked the findings in the Post-Trial Opinion.[16] And their supplemental submissions spoke exclusively to the Ratification Arguments.[17] In this

---

[12] Steffens' Initial Submission (dated June 2, 2024), Mot. to Intervene (dated Dec. 10, 2024).

[13] *See* Dkt. 1 (Complaint filed June 5, 2018).

[14] *See, e.g.,* Tesla, Inc., Annual Report (Form 10-K) (Feb. 19, 2019) at 132 ("Litigation Relating to 2018 CEO Performance Award").

[15] Dkt. 296.

[16] *See, e.g.*, Florida Stockholders' Initial Submission at 15–20, 36–40.

[17] Florida Stockholders' Supp. Submission; Steffens' Supp. Submission.

way, the Stockholders appeared to be shadowing Defendants' efforts to litigate this action. If that was their intent, they moved to intervene way too late.

Second, Plaintiff would be prejudiced were the court to allow the Stockholders to intervene for broader purposes. The case has been heavily litigated. At the trial-court level, it is done. Allowing the Stockholders to intervene to relitigate this action would thwart the goal of finality, which serves the administration of justice to Plaintiff's detriment. Consistent with this principle, Delaware courts generally do not permit intervention at this stage in the proceedings.[18]

Third, the Stockholders would not be prejudiced absent broader intervention. Any interest they have in this litigation is adequately represented by Plaintiff, as I held in the December 2 Letter Opinion. And Defendants are more than capable of presenting any opposition to Plaintiff's arguments, including those advanced by the Stockholders.

Fourth, the unusual circumstances of this case are not ones that excuse the Stockholders' untimely motions. The Stockholders maintain the court has already impliedly allowed intervention by allowing them to appear and be heard on their submissions during the July 8 and August 2, 2024 hearings. They rely on *Braun v. Fleming-Hall Tobacco Co.*, where the Delaware Supreme Court heard an objector's appeal despite the objector's failure to formally intervene.[19] But *Braun* merely

---

[18] *See, e.g.*, *Reinz*, 2023 WL 4986411 (denying intervention after a post-trial opinion).
[19] 92 A.2d 302 (Del. 1952).

overlooked a technicality in favor of the objector for the purpose of rejecting the objector's appellate arguments on the merits. *Braun* does not warrant intervention beyond the limited purposes granted here.

IT IS SO ORDERED.

Sincerely,

*/s/ Kathaleen St. Jude McCormick*

Chancellor

cc:    All counsel of record (by *File & ServeXpress*)